Burket, J.
The circuit court found as conclusions of lav?, that as between the administrator and Mr. Miller, the transaction extinguished the notes paid oft by Miller, and that he had no right to receive back from the administrator out of the proceeds of the sale of the mortgaged lands, money which he had paid to him in taking up the notes. In this the circuit court was right, because the duty and power of an administrator as to such notes is to collect them, and not to sell or transfer them. Section 6074, Revised Statutes; Jelke v. Goldsmith, 52 Ohio St., 499, 517; and for the further reason that what passed between *420 the administrator and Mr. Miller, as found by the circuit court, showed no right on the part of Mr. Miller to keep the notes alive as against the administrator. The object and purpose was to pay off the mortgage so that Mr. Smith could convey the proportionate amount of the land to his, Smith’s wife, because a conveyance of the land to Mrs. Smith with this large mortgage thereon would be no benefit to her. There was nothing to notify or inform the administrator that Mr. Miller was purchasing the notes and intended to keep them alive, as against him, and the circuit court finds in effect, that he did not buy them, and that they were not endorsed to him.
But while the transaction was a liquidation and payment of the notes by Mr. Miller, as between- him and the administrator, the same is not true as between him and Mr. Hubbard.
Mr. Hubbard 'was not a party to the transaction between Mr. Miller and the administrator, and there is no good reason why he should be benefited thereby, unless Mr. Miller was a mere volunteer, or the payments by him made were in legal effect payments by Mr. Smith, neither of which positions should be inferred or presumed in favor of Mr. Hubbard. His burdens are exactly the same whether the notes taken up by Mr. Miller are held by him or the administrator. The transaction cost him nothing and he should not be benefited thereby. As between Mr. Miller and Mr. Hubbard, Mr. Miller is the equitable owner of the notes taken up by him, and which notes are secured by a mortgage prior in time and right to the mortgage held by Mr. Hubbard.
It is urged that Mr. Smith cancelled the notes after Mr. Miller handed them to him, and that such cancellation destroyed the notes for all purposes, and destroyed the right of subrogation, and that Mr. Miller, *421 by his negligence in putting the notes into the possession of Mr. Smith, enabled him to cancel them, and that Mr. Smith is bound by that cancellation.
The answer to this is that Mr. Miller did not put the notes into the hands of Mr. Smith for cancellation, but for safe keeping; and that the right of subrogation arises, not by reason of the notes, but by reason of the payment of the money. As to the alleged negligence of Mr. Miller, it is sufficient to say that Mr. Hubbard was not harmed by that negligence, and he cannot be heard to complain of the same. His burdens were not thereby increased. Negligence which does not increase the burdens of any lien-holder, does not have the effect to prevent subrogation or destroy the right of subrogation. In many of the cases in which subrogation has been allowed by this court there was more or less negligence.
It is therefore clear, that as betwen Mr. Miller and Mr. Hubbard, the former has a right to be subrogated to the lien of the mortgage securing the notes which he took up, and which is prior to the mortgage held by Mr. Hubbard.
The judgment as to the order of distribution and costs against Mr. Miller will be reversed, and judgment entered giving the administrator the first lien, Mr. Miller the second, and Mr. Hubbard the third, the costs to be paid out of the fund.

Judgment reversed and modified.